IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00017-MR
(CRIMINAL CASE NO. 1:99-cr-00075-MR-DLH-2)

| | |
|---|---|
| WANELEY WRAY BROWN, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Petition for a Writ of Error Coram Nobis Pursuant to 28 U.S.C.S. § 1651" [CV Doc. 1][1]; Petitioner's "Motion to Appoint Counsel and Motion for a Preliminary Injunction" [CV Doc. 3]; and Petitioner's "Motion for a Preliminary Injunction" [CV Doc. 4]. For the reasons set forth below, the Court denies and dismisses the petition and denies Petitioner's other motions.

---

[1] This Order requires citation to both the Petitioner's present civil action and the underlying criminal action. Accordingly, the Court will cite to documents filed in Civil Case No. 1:17-cv-00017-MR with the prefix "CV." The Court will cite to documents filed in Criminal Case No. 1:99-cr-00075-MR-2 with the prefix "CR."

**I.    PROCEDURAL HISTORY**

On or about December 8, 1989, Petitioner Waneley Brown,[2] a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident.[3]  On January 31, 2001, Petitioner was convicted in this Court after a jury trial of conspiracy to possess with intent to distribute cocaine and cocaine base.  [CR Doc. 108: Judgment].  Petitioner was originally sentenced to 240 months of imprisonment.  [Id.].  Petitioner appealed, and the Fourth Circuit Court of Appeals subsequently affirmed Petitioner's conviction and sentence.  [CR Doc. 141].  Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on May 14, 2003.  [CR Doc. 191].  On August 19, 2003, this Court denied the motion to vacate with prejudice on the merits.[4]  [CR Doc. 201].

---

[2] Petitioner's name is spelled "Waynely Brown" in his underlying criminal action in this Court, and he apparently uses various aliases. [See CR Doc. 106-1 at 2: PSR].  Although his name was spelled "Waynely Brown" in the Bill of Indictment [CR Doc. 3], Petitioner's presentence report states that his "true name" is "Waneley Brown."  [CR Doc. 106 at 1].

[3] This Court takes judicial notice of a decision recently issued by the United States District Court for the Middle District of Pennsylvania, where Petitioner is currently confined, regarding Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding his pending deportation proceedings.  Brown v. Sabol, 3:15cv2480 (M.D. Pa. Dec. 2, 2016).  The Order in that case sets forth a detailed procedural history of the immigration and deportation proceedings against Petitioner, which this Court restates in part here.

[4] Petitioner filed numerous, other motions in his underlying criminal action, but the Court recites only the relevant procedural history here.

On October 20, 2010, Petitioner filed a petition for writ of audita querela, claiming that he was not actually the person indicted because another person had stolen his identity and also that he received ineffective assistance of counsel at trial. [CR Doc. 287]. On November 20, 2010, this Court denied the petition on the grounds that Petitioner had already filed a § 2255 motion to vacate, and that he could not avoid the requirements for filing a successive petition by filing a petition for a writ of audita querela. [CR Doc. 288].

On February 11, 2013, Petitioner's sentence was subsequently reduced to 210 months under the crack cocaine amendments to the sentencing guidelines. [CR Doc. 297]. On May 2, 2013, based on Petitioner's conviction in this Court, Immigration and Customs Enforcement ("ICE") commenced removal proceedings against him. On November 26, 2013, Petitioner appeared before an immigration judge, at which time Petitioner admitted all of the allegations and the immigration judge found that Petitioner was subject to removal. Petitioner's counsel asked for an adjournment to look into possible relief from removal, and the immigration judge granted the request. On March 24, 2014, Petitioner again appeared before an immigration judge and filed an application for asylum. The immigration judge granted a continuance and the matter was adjourned.

On November 26, 2014, upon completing his sentence for his conviction in this Court, Petitioner was released from Bureau of Prisons custody and entered ICE custody. By order dated March 23, 2015, an immigration judge ordered Petitioner removed to Jamaica and denied his application for deferral of removal under Article III of the Convention Against Torture. Petitioner appealed the immigration judge's order. On appeal, the Board of Immigration Appeals remanded the matter to the immigration court for further proceedings.

With Petitioner's immigration proceedings ongoing, Petitioner filed the present petition for writ of error coram nobis in this Court on January 9, 2017. In his Petition, Petitioner asks the Court to "vacate, set aside conviction, dismiss indictment or correct his sentence due to ineffective assistance of counsel" based on counsel's alleged "fail[ure] to inform[ ] Petitioner of the immigration consequences he would encounter going to trial and being convicted," in violation of Padilla v. Kentucky, 559 U.S. 356, 360 (2010). [CV Doc. 1 at 1]. Petitioner also alleges that counsel was ineffective in: (1) failing to investigate Petitioner's contentions that he was indicted under the wrong name and that the Government could not prove that Petitioner was the person named in the indictment and (2) failing to challenge the Government's "star witness" with evidence that Petitioner contends would have established

4

that the witness was not present at the time of the events to which the witness testified. All of these errors, Petitioner contends, led to his wrongful conviction and subsequent deportation proceedings. [CV Doc. 1 at 1-2].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petition for Writ of Error Coram Nobis

Under 28 U.S.C. § 1651(a), coram nobis relief is available only when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). In reviewing a petition for a writ of error coram nobis, the Court "must presume that the underlying proceedings were correct, and the burden of

5

showing otherwise rests on the petitioner." Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005), aff'd, 213 F. App'x 197 (4th Cir. 2007). The burden placed on a petitioner who seeks a writ of error coram nobis exceeds the burden placed on a petitioner who seeks collateral relief through a habeas petition. Id. This heavier burden is justified in coram nobis proceedings, as the government is unlikely to allocate scarce prosecutorial resources to retry a defendant who has completed his sentence and thus will not be resentenced. See id. Indeed, the United States Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks and brackets omitted) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

In discussing relief through a writ of error coram nobis, the Fourth Circuit has stated as follows:

> As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904, 129 S. Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L.Ed. 248 (1954)). Thus, the writ provides relief in cases where the error "rendered the proceeding

6

itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

After considering the four factors articulated in Akinsade, the Court concludes that Petitioner is not entitled to relief through a writ of error coram nobis. First, as to Petitioner's ineffective assistance of counsel claims based on counsel's failure to investigate or present evidence, Petitioner has not presented any valid reasons why he could not have raised such claims earlier, such as in a § 2255 proceeding.[5] Thus, as to these claims of ineffective assistance of counsel, Petitioner may not raise those claims now through a petition for a writ of error coram nobis.

Petitioner's ineffective assistance claim under Padilla is also without merit. In Padilla, the Supreme Court held that counsel rendered deficient performance by failing to inform his client that the consequences of a guilty

---

[5]  In fact, Petitioner already raised a claim of mistaken identity in his prior petition for writ of audita querela filed in this Court, and that claim was denied and dismissed. [CR Docs. 287, 288].

7

plea would include mandatory deportation upon conviction. Here, Petitioner pleaded not guilty and went to trial. Thus, Padilla is not applicable to Petitioner. Accord Hinds v. Lynch, 790 F.3d 259, 263 n.3 (1st Cir. 2015) (noting that "Padilla is entirely inapposite because, while [the petitioner] was convicted after a jury trial, Padilla pled guilty and his counsel's failure thus may have prevented Padilla from making an informed decision whether to enter that plea"). In any event, even if the ruling Padilla were applicable to circumstances like Petitioner's, the Supreme Court held in 2013 that Padilla is not retroactively applicable to cases on collateral review. Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013).

For all these reasons, the Court denies the petition for a writ of error coram nobis.

### B. Motion for Appointment of Counsel

Petitioner also moves the Court for an order appointing counsel to represent him in this case. [CV Doc. 3].

Petitioners have no constitutional right to counsel in a post-conviction proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). Nonetheless, the Court may appoint counsel to represent a petitioner when the interests of justice so require and the petitioner is

financially unable to obtain representation.  See 18 U.S.C. § 3006A(a)(2)(B).  In the instant case, however, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel.  See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).  Accordingly, Petitioner's motion for appointment of counsel is denied.

### C. Motion for Preliminary Injunction

Petitioner moves the Court to enjoin ICE from removing Petitioner from the United States pending the outcome of his coram nobis petition. [Doc. 4]. As Petitioner's petition for a writ of error coram nobis has been denied, Petitioner's motion for a preliminary injunction is moot and so shall be denied as moot.

### IV. CONCLUSION

For the reasons stated herein, the Court denies Petitioner's petition for a writ of error coram nobis and his motions for appointment of counsel and for the entry of a preliminary injunction.

### O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Appoint Counsel and Motion for a Preliminary Injunction" [CV Doc. 3] and Petitioner's "Motion for a Preliminary Injunction" [CV Doc. 4] are **DENIED**.

**SO ORDERED.**

Signed: June 19, 2017

Martin Reidinger
United States District Judge